HENRY D. KIPP and others, Respondents, *v.* PHILIP J. MEYER, Appellant.

*Executory contract of sale — receipt of part of goods by vendee — effect of.*

Although the vendee is bound by his acceptance of a portion of several articles contracted to be sold, after an opportunity to examine them has been had (*Gaylord Manuf. Co.* v. *Allen*, 53 N. Y., 515 ; *Reed* v. *Randall*, 29 id., 358; *McCormick* v. *Sarson*, 45 id., 265), yet the vendor is not thereby excused for the non-fulfillment of his contract as to the residue of such articles. If the vendee refuse to receive the whole of the inferior articles, or any part of them, the vendor is liable in damages for the non-fulfillment of his contract in full. He cannot relieve himself from the fulfillment of the contract on his part, by inducing the vendee to accept some part of the articles contracted to be delivered.

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee.

*McDonald & Raines*, for appellant.  *M. H. Peck*, for respondents.

Opinion by Smith, J.

Present — Mullin, P. J., Smith and Gilbert, JJ.

Judgment reversed and new trial granted, costs to abide the event.

---

WELLER R. DALRYMPLE, Plaintiff, *v.* WILLIAM HUNT and another, Defendants.

*General denial — what not admissible under.*

Where, in an action brought to rescind a contract, on the ground of fraud, an answer is interposed denying each and every allegation of the complaint, *held*, that the defendant can give no evidence except such as tends to disprove the allegations of the complaint; and it is error to allow him to introduce the record of a judgment showing a former suit for the recovery of damages for the fraud alleged in the complaint.

Motion for a new trial, on exceptions ordered to be heard in the first instance at the General Term.

*A. M. Bingham*, for plaintiff.   *Hakes & Stevens*, for defendants.

Opinion by Smith, J.

Present — Mullin, P. J., Smith and Gilbert, JJ.

New trial granted, costs to abide the event.